# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GALES, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-1782** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ET AL.** | **SECTION "C" (2)** |

## ORDER & REASONS

Before the Court is Plaintiff's Motion to Remand. (Rec. Doc. 9). Having examined the memoranda of counsel, the record, and the law, the Motion is denied for the following reasons.

The instant suit was filed by Plaintiffs as a result of an automobile accident in which Defendant Matthew Teplitz was the occupant in a vehicle that struck Plaintiffs, occupants of another vehicle. (Rec. Doc. 1). Plaintiffs initially filed suit in the Civil District Court for the Parish of Orleans for damages, after which Defendants removed to this Court on the basis of diversity jurisdiction. (Case No. 12-355, Rec. Doc. 1-1; Rec. Doc. 1 at 4). The Court ordered the parties to submit memoranda regarding whether the jurisdictional amount of at least $75,000 existed at the time of removal. (Case No. 12-355, Rec. Doc. 14). The Court concluded that the jurisdictional

1

requirement was not met because although Plaintiffs conceded that their damages exceed $75,000, neither party submitted affirmative proof that this was the case, as was required by the Order.[1] (Case No. 355, Rec. Doc. 30 at 3). Accordingly, the case was remanded to state court on May 24, 2012. (Rec. Doc. 30-1).

Defendants then removed the case a second time on July 9, 2012. (Rec. Doc. 1). The Court again ordered the parties to submit affirmative proof that the jurisdictional minimum was met at the time of removal. (Rec. Doc. 7). Plaintiffs have also filed a Motion to Remand the case to state court.

In their Motion, Plaintiffs first argue that the Court may not consider a second removal "on the same ground" as the first removal. (Rec. Doc. 9-1 at 2). The Court rejects this argument. The expression "on the same ground" refers not to "the theory on which federal jurisdiction exists (i.e. federal question or diversity jurisdiction), but rather the pleading or event that made the case removable." *Ebeling v. Scottsdale Ins. Co.*, 2008 WL 4974804 (E.D. La. 2008). Here, Defendants' second removal is on the basis of diversity jurisdiction, as was their first removal. However, the event that they argue made the case removable in the first removal was that the jurisdictional minimum was "facially apparent" (Case No. 12-355, Rec. Doc. 15 at 2-3), whereas now they argue that the case is removable because new information obtained after the case was remanded to state court – a report provided by Dr. Ken Vogel – indicates that Plaintiffs' damages exceed $75,000. Accordingly, Plaintiffs' first argument for remand fails.

Second, Plaintiffs argue that because Defendants' first attempt at removal was premature, Defendants are now precluded from removing the case a second time under the "first paper rule." (Rec. Doc. 9-1 at 4). That rule requires a removing defendant to file removals only once their

---

[1] No ruling was made with respect to diversity of citizenship in Case No. 12-355.

2

factual basis for removal can be proven by a preponderance of the evidence. *See Fontenot v. Granite State Ins. Co.*, 2008 WL 4822283 (W.D. La. 2008). One consequence of the rule is that defendants cannot discover facts sufficient to support removal before effecting removal; instead, they must do so before they effect removal. Here, Defendants removed the case to this Court; the case was remanded because the basis of removal was not proven. Subsequently, Defendants discovered new facts which they presented to the Court in their Notice of Removal. (Rec. Doc. 1). Nothing in the "first paper rule" prevents a defendant from attempting to remove a case a second time under these circumstances. Accordingly, Defendants did not improperly remove the case and the Court considers the merits of their basis for removal.

The Court finds that the jurisdictional minimum is met. In a March 6, 2012 letter, Dr. Ken Vogel indicated that Plaintiff Sandra Branch may be a surgical candidate with respect to various potential injuries, including a herniated cervical disk, a herniated lumbar disk, and a grade I cerebral concussion. (Rec. Doc. 1-3). This letter constitutes sufficient affirmative proof that Plaintiffs' damages exceed $75,000.

Finally, the Court finds that diversity of citizenship existed at the time of filing and at the time of removal. A person's domicile is established in the state in which the person is born or naturalized, and persists until a new one is acquired or the old one is clearly abandoned. *Mas v. Perry*, 489 F.2d 1396, 1398 (5th Cir. 1974), *cert. denied*, 419 U.S. 842 (1974). Courts faced with making a jurisdictional assessment are not limited to the pleadings, but may instead look to any record, evidence, or affidavits concerning the citizenship of the parties. *Coury v. Prott*, 85 F.3d 244, 249 (5th Cir. 1996). In *Coury*, the Fifth Circuit provided the proper analysis for a "domicile" inquiry:

> In determining a litigant's domicile, the court must address a variety of factors. No single factor is determinative. The court should look to all evidence shedding light on the litigant's intention to establish domicile. The factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family.

*Coury*, 85 F.3d at 251. Here, Defendant Teplitz filed an affidavit in Case No. 12-355 indicating that he is a U.S. citizen; that has lived in Illinois his whole life until he went to study at Tulane University; that he has never intended to leave Illinois; and that he has an Illinois bank account, an Illinois driver's license, an Illinois cell phone number, and an Illinois-registered vehicle. (Case No. 355, Rec. Doc. 11-1). Plaintiffs argue that he is a domiciled in Louisiana because his Illinois license shows a Louisiana address. Coupled with Defendant Teplitz's affidavit, this evidence is insufficient to show that he is domiciled in Louisiana. It is undisputed that Plaintiffs are domiciled in Louisiana and that Defendant State Farm Mutual Automobile Insurance Company is not domiciled in Louisiana. (Rec. Doc. 1-1 at 1). Therefore, diversity of citizenship exists.

Accordingly,

IT IS ORDERED that the Motion to Remand filed by Plaintiffs is DENIED. (Rec. Doc. 9).

New Orleans, Louisiana, this 4th day of September, 2012.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**