**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


| | |
|---|---|
| **LATASHA GALES, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-1782** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ET AL.** | **SECTION "C" (2)** |


**ORDER & REASONS**


Before the Court is defendant Eric Teplitz' Motion to Dismiss. Rec. Doc. 17. Having examined the memoranda of counsel, the record, and the law, the Motion is GRANTED in part and DENIED in part for the following reasons.

**I. Background**

The instant suit was filed by plaintiffs as a result of an automobile accident in which defendant Matthew Teplitz was the operator of a vehicle that struck plaintiffs, occupants of another vehicle. Rec. Doc. 1. The vehicle Matthew Teplitz was operating was owned by Eric Teplitz. *Id.* Plaintiffs allege that Matthew Teplitz was on a mission and/or errand for Eric Teplitz at the time of the accident and that Eric Teplitz is therefore vicariously liable.

In his Motion, defendant first argues that plaintiffs failed to state a claim upon which relief can be granted. Defendant argues that even if plaintiffs' claims that Matthew Teplitz was on a mission or errand for Eric at the time of the accident are true, Eric is not liable to plaintiffs.

1

Rec. Doc. 17.  Therefore, defendant argues that plaintiffs' claims against him must be dismissed as a matter of law.

Second, defendant argues that the Court may not exercise personal jurisdiction over him, a non-resident, who has not purposefully availed himself of the privilege of conducting activities within the state of Louisiana. Rec. Doc. 17, *citing World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-292 (1980).  Defendant argues that plaintiffs have not met their burden of proving minimum contacts between the defendant and the forum state and therefore, the defendant  must be dismissed under Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction.

## II. Law and Application

When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, a district court must accept the factual allegations of the complaint as true and resolve all ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. *See Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993).  A complaint should not be dismissed for failure to state a claim unless it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim." *Id.* At 284-85. (Quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).  However, dismissal is warranted if the complaint contains only "conclusory allegations and unwarranted deductions of fact." *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97 (5th Cir. 1974); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (citing *Fernandez-Montes*, 987 F.2d at 384).

Here, accepting the plaintiffs factual allegation that Matthew Teplitz was on an errand for Eric Teplitz as true, the Court still finds that plaintiffs have not stated a claim upon which relief can be granted.  The Court applies Louisiana substantive law, which states that a person is only

2

liable for the actions of another when a specific relationship exist such as that of master-servant or teacher-student. *See* Abbasi v. State Farm Insurance Co., 875 So.2d 988, 04-44 (La.App. 5 Cir. 5/26/04); Aupied v. Joudeh, 694 So.2d 1012, 96-202 (La.App.5 Cir. 4/9/97). Plaintiffs have not alleged that Matthew Teplitz and Eric Teplitz had a master-servant relationship that would have imputed vicarious liability to Eric Teplitz under La. Civ.Code. art. 2320. Additionally, plaintiffs do not allege that Matthew Teplitz is Eric Teplitz' minor child for whose acts he could be liable under La. Civ.Code art. 2318. Rec. Doc. 1.[1] For these reasons, the Court finds that the plaintiffs have not pled sufficient facts in their complaint to survive a motion for dismissal at this time, and will grant plaintiffs ten days to amend their complaint to better articulate the basis for suing Eric Teplitz.

Accordingly,

IT IS ORDERED that the Motion to Dismiss filed by Defendant Eric Teplitz is PARTIALLY GRANTED AND PARTIALLY DENIED without prejudice. Rec. Doc. 17.

IT IS FURTHER ORDERED that plaintiffs are given until November 8, 2012, to amend their complaint.

New Orleans, Louisiana, this 29th day of October, 2012.


**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**

---

[1]The Court does not reach defendant's argument about personal jurisdiction because it finds the plaintiffs have failed to state a claim.